## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **CEDRIQUEZ McCAA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-CV-484-RAH** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This case is before the Court on Petitioner Cedriquez McCaa's petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. McCaa alleges he earned credits under the First Step Act and the Second Chance Act while incarcerated and, because the credits were greater than the amount of time remaining on his term of imprisonment, the unused credits should be applied to reduce his term of supervised release.[1] *Id*.

A court has the power "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *Daniel v. Gordy*, No. 4:17-CV-0036-KOB-JEO, 2018 WL 1305464, at *5 (N.D. Ala. Mar. 13, 2018) (citing *Bundy v. Wainwright*, 808 F.2d 1410, 1414–15 (11th Cir. 1987) (recognizing that Rule 4 of the *Rules Governing 2254 Cases* authorizes courts to summarily dismiss a petition that is facially deficient without requiring a response from the government). Under Rule 4, "[i]f it plainly appears

---

[1] McCaa was sentenced by this court to 188 months of imprisonment and five years of supervised release; he was released from federal custody on May 15, 2026. *See United States of America v. McCaa*, Case No. 2:10-CR-191-RAH-CWB (M. D. Ala.) (Doc. 56 at 2, 4; Doc. 171 at 1).

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654–55 (11th Cir. 2020) (quoting Rule 4 and finding no abuse of discretion when district court *sua sponte* raised statute of limitations issue during screening of § 2254 petition).

It is well established that a federal prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 "must exhaust his available administrative remedies before he can obtain relief [from this court in a habeas action]." *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016) (*citing Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015)). Although "the administrative-exhaustion requirement was judge-made, rather than jurisdictional . . . [t]he [administrative] exhaustion requirement is still a requirement; it's just not a jurisdictional one." *Id*. at 562 (quotation marks and citation omitted). "In order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules." *Id.* at 562 (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)). A court may *sua sponte* dismiss a habeas petition under Rule 4 if the petitioner failed to exhaust. *Brown v. United States*, No. 23-60288-CIV, 2023 WL 2045583, at *2 (S.D. Fla. Feb. 16, 2023) (noting that "courts throughout our Circuit have uniformly dismissed § 2241 petitions challenging the calculations of ETCs under the First Step Act when the petitioner has failed to exhaust his administrative remedies"); *Cannata v. United States*, No. 4:21-CV-283-MW-HTC, 2021 WL 4254942, at *1 (N.D. Fla. Aug. 18, 2021), *report and recommendation adopted*, No. 4:21-CV-283-MW/HTC, 2021 WL 4244283 (N.D. Fla. Sept. 17, 2021) (dismissing § 2241 petition *sua sponte* based on lack of exhaustion).

McCaa originally filed his petition as a motion for reconsideration in his underlying criminal case in this court. *See United States of America v. McCaa*, Case No. 2:10-CR-191-RAH-CWB (M. D. Ala.) (Doc. 168). However, because the proper

vehicle to challenge the execution of a sentence is a 28 U.S.C. § 2241 petition, the Court entered an order striking the motion and directing the Clerk to file the document in a new civil action under 28 U.S.C. § 2241. *Id*. (Doc. 171). In the petition, McCaa contends that "[a]ny administrative remedy procedure . . . will be FUTILE at this point in release without creating a protected liberty interest." Doc. 1 at 2. Thus, it is clear from the face of the petition that McCaa failed to exhaust his administrative remedies before seeking relief from this Court. Further, his conclusory statement that any administrative remedy would be futile is insufficient to excuse the exhaustion requirement, and his petition is facially deficient. *See Morrison v. Neely*, No. 7:25-CV-300-CLM-NAD, 2026 WL 1252094, at \*4 (N.D. Ala. Apr. 9, 2026), *report and recommendation adopted,* No. 7:25-CV-300-CLM-NAD, 2026 WL 1248562 (N.D. Ala. May 6, 2026) (rejecting petitioner's conclusory assertion that the administrative process was unavailable or futile) (citing *Marquez v. Washington*, No. 2:24-CV-765-WKW, 2025 WL 2648247, at \*7 (M.D. Ala. Sept. 15, 2025) ("Petitioner's conclusory statements of his belief that exhaustion of administrative remedies is futile are insufficient to excuse his failure to exhaust before seeking habeas relief."); *Martin v. Neely*, No. 7:24-cv-267-AMM-GMB, 2024 WL 4521942, at \*1 (N.D. Ala. Sept. 19, 2024), *report and recommendation adopted*, 2024 WL 4520939 (N.D. Ala. Oct. 17, 2024) ("Martin's belief that exhaustion would have been futile is entirely conclusory and thus is insufficient to excuse her failure to exhaust."); *Penalosa v. Stone*, No. CV-322-041, 2022 WL 11456512, at \*3 (S.D. Ga. Sept. 22, 2022), *report and recommendation adopted*, 2022 WL 11429299 (S.D. Ga. Oct. 19, 2022) ("[C]ourts considering the issue of calculation of time credits under the First Step Act have enforced exhaustion requirements and rejected futility arguments." (collecting cases)).

Accordingly, it is **ORDERED** that McCaa's 28 U.S.C. § 2241 petition is **DISMISSED** without prejudice for failure to exhaust available administrative remedies.

The Clerk is **DIRECTED** to send McCaa a copy of this Order as notice of the dismissal.

A final judgment will issue separately.

**DONE** and **ORDERED** on this 21st day of July 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4